STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT, v.
MARION BECKERT, DEFENDANT-PROSECUTOR.

Submitted May 4, 1948—Decided September 8, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *James F. Patten.*

For the respondent, *Jessie B. Leslie* and *George F. Losche.*

The opinion of the court was delivered by

Donges, J. This writ of *certiorari* brings up the conviction of prosecutrix for violation on a number of occasions of section 3 of an ordinance of the Borough of Leonia entitled "An ordinance providing for the licensing of dogs and the duties of the Chief of Police and the Police Department in connection therewith in the Borough of Leonia." Section 3 as amended reads as follows:

"3. That any person who shall own, keep or harbor a dog of licensing age shall in the month of January, 1947, and annually thereafter apply for and procure from the Police Department a license and official metal registration tag for each dog so owned, kept or harbored and shall place upon each such dog a collar, or harness with the registration tag securely fastened thereto. No person, or persons shall own or harbor at any one time within the Borough of Leonia more than three dogs of licensing age."

It is the last sentence of this section that is under attack here.

The principal complaint is that the ordinance is invalid because it is in conflict with the statute of the state respecting the regulation of dogs, *R. S.* 4:19–15.1, *et seq.* That statute provides for the licensing of dog kennels but does not, as pointed out by prosecutrix, authorize a municipality to prohibit dog kennels within such municipality. In the instant case the testimony, as recited in the return to the writ, was that there were 39 dogs upon the premises "kept in pens all in one main building but each had separate entrance to a pen; that most of the dogs were full grown; that only six or seven of them were puppies; that said full grown dogs did not have license tags upon them."

Prosecutor presented no evidence upon the trial of the case, although she did, through counsel, cross-examine the witnesses for the borough. There is no proof that she operated a dog kennel within the definition of the statute. There is

nothing in the record to indicate that it was raised as a defense below that she operated a kennel such as was recognized by the statute, and that therefore the ordinance was ineffectual to prohibit such operation. The statute defines a kennel as, "Kennel shall mean any establishment wherein or whereon the business of boarding or selling dogs or breeding dogs for sale is carried on, except a pet shop." There is not a particle of evidence in the record from which it could be found that prosecutrix was operating a dog kennel, unless it be from the number of dogs found on her premises which, of course, would not warrant such a finding because they might be kept as pets. It appears therefore that any inference that the statute authorizes kennels to the exclusion of the right of the municipality to bar them is unavailable to the prosecutrix on this writ.

The other point is that the ordinance is not a reasonable exercise of police power inherent in municipal government. Reasonableness of an ordinance is ordinarily a question of fact. No facts have here been presented to establish that the ordinance is not reasonable and we cannot say that it is unreasonable upon its face when there is nothing to show the conditions that prevail in this particular municipality. The burden of proof in this regard was upon the prosecutrix and it has not been sustained.

Upon the record presented, we conclude that the writ must be dismissed, with costs.