9 N.J. Super. 539 (1950)
75 A.2d 757
CARL A. SIGNORE, ET AL., PLAINTIFFS,
v.
FRANK P. RIZZOLO, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 26, 1950.
*540 Mr. Leo S. Carney, Jr., for the plaintiffs.
Mr. Robert J. McCurrie, for the defendants.
*541 PROCTOR, J.S.C.
Plaintiffs' application to the town council of Kearny for a license to conduct a used car business on vacant land, known as 529 Elm Street, in the Town of Kearny, was denied in a letter dated May 11, 1950, and signed by the town clerk. It is stated therein that the town council rejected plaintiffs' request on the ground "that the applicants fail to meet the requirements of the Town of Kearny ordinance pertaining to used car lots. Specifically, the applicants are not engaged in the business of, or recognized and authorized as new car dealers or agents in the Town of Kearny." The ordinance referred to was adopted April 10, 1946, and is entitled "An Ordinance to license and regulate the business of selling or storing for sale any used or new motor vehicles on vacant lots or land in the Town of Kearny and providing for the penalty for the violation thereof." Failure to comply with section 14 thereof is mentioned specifically as the basis for the denial of the application. No question of zoning is involved as the vacant land, owned by one of the plaintiffs, is in an area in which used car lots are permissible.
Plaintiffs brought an action in lieu of a prerogative writ and seek to have both section 14 and section 4 of the above ordinance set aside as unconstitutional.
Counsel for the respective parties agree, and an examination of the ordinance discloses, that its primary and basic purpose is to regulate the sale and storage of used cars on vacant lots, even though, as the title indicates, the ordinance purports also to regulate what has been held to be a separate and distinct business, namely, the sale and storage of new cars on vacant lots. See Ring v. Borough of North Arlington, 136 N.J.L. at 499; affirmed, 1 N.J. 24 (Sup. Ct. 1948). No issue has been raised other than the application of the ordinance to the business of storing and selling used cars on vacant land, and the court's remarks are directed solely to this aspect of the ordinance.
Section 14 provides:
"14. No license shall be issued for the purposes herein stated except to such person, firm or corporation as shall be engaged as a recognized and authorized new car dealer or agent in the Town of Kearny."
*542 Plaintiffs concede that a municipality may enact and enforce ordinances under its police powers which will serve to benefit the public welfare and that authority to license and regulate the used car business has been granted specifically by R.S. 40:52-1. It will be noted, however, that under section 14 new car dealers are permitted to operate a used car business on vacant lots, but used car dealers are not. The power to regulate is ordinarily confined to such reasonable restraints upon the business made the subject thereof as may be demanded by the public interest. But it is not in the public interest to prohibit a business, lawful in itself, for the enrichment of a certain few. There are twelve authorized new car dealers in Kearny. Section 14 of the ordinance gives them a monopoly of the business of selling used cars on vacant lots. Ordinances operating to restrain competition and tending to create monopolies or confer exclusive privileges are generally condemned. N.J. Good Humor, Inc., v. Bradley Beach, 124 N.J.L. 162 (E. & A. 1940); McQuillan on Municipal Corporations (2d Ed.), § 773. In N.J. Good Humor, Inc., v. Bradley Beach, supra, Mr. Justice Heher speaking for the Court of Errors and Appeals said:
"The restraints and regulations imposed for the general good and welfare must needs have the virtue of reasonableness. There cannot be in the name of police regulation, an unreasonable and oppressive curtailment of personal or property rights. * * * And it goes without saying that an exertion of the police power, affecting personal and property rights, is nugatory unless made in good faith for the attainment of a public object within its cognizance. If the dominant purpose be the service of private interests under the cloak of the general public good, it must be adjudged a perversion of the power."
When we attempt to reconcile section 14 of the ordinance with the above principles, it is apparent that the restriction imposed by section 14 is an unreasonable obstacle to plaintiffs' proposed business and bears no reasonable relation to lawful regulation. The requirement that the vendor of used cars on a vacant lot be a recognized and authorized new car dealer has no relation to the public health, morals or general welfare; it imposes an arbitrary restriction upon the *543 use of land and constitutes an unreasonable interference with the ownership of private property and the conduct of business. Cf. New Jersey Used Car Trade Ass'n. v. Magee, 1 N.J. Super. 371 (Ch. Div. 1948).
Complaints received by the municipal officials regarding the conduct of used car dealers in the operation of their business, prior to the passage of the ordinance, may well have justified regulation by the municipality. But the corrective measures invoked must be reasonably necessary for the accomplishment of the purpose in view; they must be neither arbitrary nor unduly oppressive. Section 14 does not appear to be reasonably calculated to meet the problem sought to be corrected. See Borough of Point Pleasant Beach v. Point Pleasant Pavilion, 3 N.J. Super. at 226 (App. Div. 1949).
Section 14 is arbitrary, unreasonable, unduly oppressive and beyond the scope of powers granted to the municipality under R.S. 40:52-1 and is hereby set aside as invalid.
The court at this juncture is not called upon to pass on the question of whether or not section 4 sets forth sufficient standards for the guidance of the municipal authorities in granting or refusing a license, as plaintiffs' attorney abandoned this contention at the oral argument. The part of section 4 that remains under attack provides:
"The applicant shall, at least five days prior to the time appointed for the hearing by the Town Council on said application, give written notice to property owners within 200 feet of the property lines of the vacant lot or land for which application shall be made, and such notice shall be given to such property owner or owners either by handing a copy thereof to the said property owner or owners or by leaving a copy thereof at the usual place of abode of said property owner or owners if said owner or owners are residents of the Town of Kearny, and whenever said owner or owners are non-residents of the Town of Kearny, such notice shall be given by sending written notice thereof by registered mail to the last known address of the property owner or owners as shown by the most recent tax records of the Town of Kearny; and the applicant shall present satisfactory proof by affidavit to the Town Council at least three days prior to said hearing that said notices have been duly served as aforesaid."
As indicated already the municipality has the power to regulate the used car business. Therefore, the only question remaining is whether section 4 is reasonable. The sale *544 of automobiles from vacant lots poses special problems which are subject to reasonable regulations. Chaiet v. City of East Orange, 136 N.J.L. 375 (Sup. Ct. 1948). Section 4, requiring the applicant to give notice to property owners within 200 feet of the proposed premises, is not so unreasonable on its face as to require the court to set it aside. These property owners cannot prevent the granting of a license, as it is the duty of the officials of the municipality to grant the license if the applicant meets the requirements of the ordinance. However, the neighboring property owners may be in a position to present facts to the municipal authorities enabling the latter to determine whether or not the applicant has actually met the requirements of the ordinance.
The fact that the municipality does not require a similar notice for other types of business does not invalidate the notice required here. The inquiry is whether there is discrimination against anyone within the prescribed class of the regulation. The exigency in the particular case is for the judgment of the law-making power, and unless there is an utter lack of basis for the classification, the action is not discriminatory in the constitutional sense. See Amodio v. Board of Commissioners of West New York, 133 N.J.L. 220 (Sup. Ct. 1945). It cannot be said there is an utter lack of basis for the classification here.
An ordinance is presumed to be reasonable and the burden of proving its unreasonableness is upon the party attacking it. See State v. Beckert, 137 N.J.L. 562; affirmed, 1 N.J. 570 (Sup. Ct. 1949); American Grocery Co. v. Board of Commissioners of New Brunswick, 124 N.J.L. 293; affirmed, 126 N.J.L. 367 (E. & A. 1941). From the facts before the court, it cannot be asserted that the plaintiffs have met that burden in their attack on section 4.
Therefore, to the extent at issue and under consideration here, section 4 is held valid.
The judgment of the court is that section 4 of the ordinance is upheld and section 14 is set aside. Plaintiffs, of course, must comply with all sections of the ordinance, with the exception of section 14, in order to be entitled to a license.