566 So.2d 47 (1990)
Josephine GATES and Randall J. Gates, Appellants,
v.
CITY OF SANFORD, Florida, Etc., Appellee.
No. 89-1820.
District Court of Appeal of Florida, Fifth District.
August 23, 1990.
*48 William J. Sheaffer, Orlando, for appellants.
William L. Colbert and Donna L. Surratt-McIntosh of Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons, P.A., Sanford, for appellee.
HARRIS, Judge.
In response to anonymous complaints concerning the number of animals being kept in a residence, the City of Sanford inspected the residence of Mr. and Mrs. Gates. Although the Gates were found to have maintained their residence and animals in an admirable fashion, they were cited for exceeding the maximum number *49 of dogs and cats permitted by the city ordinance. When their application for a variance was denied, they sued challenging the ordinance as being unconstitutionally arbitrary, unreasonable and discriminatory.
The trial court upheld the restrictive provision of the ordinance but struck the variance provision because it lacked sufficient guidelines for the exercise of variance discretion. We affirm the trial court.
Appellants first contend that the ordinance is invalid because it is based solely on the number of animals as opposed to type of animals, weight of animals, size of property, etc. The one challenging the constitutionality of an ordinance has the burden of proving its invalidity. Wiggins v. City of Jacksonville, 311 So.2d 406 (Fla. 1st DCA 1975).
All property is held subject to the right of the State to regulate it and on the implied condition that its use shall not be injurious to the equal rights of others. Miami Shores Village v. Wm. N. Brockway Post No. 124 of American Legion, 156 Fla. 673, 24 So.2d 33 (1945).
Regulation of animals has a long-standing history of constitutionality. State v. Peters, 534 So.2d 760 (Fla. 3d DCA 1988), rev. denied 542 So.2d 1334 (Fla. 1989) citing Sentell v. New Orleans & Carrollton R.R. Co., 166 U.S. 698, 17 S.Ct. 693, 41 L.Ed. 1169 (1897) and Nicchia v. New York, 254 U.S. 228, 41 S.Ct. 103, 65 L.Ed. 235 (1920).
Ordinances enacted pursuant to general police powers must not infringe constitutional guarantees by invading personal or property rights unnecessarily or unreasonably or by denying due process or equal protection of laws. Miami Shores Village v. Wm. N. Brockway Post No. 124 of American Legion, supra.
A classification does not deny equal protection if it is reasonable and non-arbitrary and if it treats all persons in the same class alike. Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974).
Appellants primarily rely on Smith v. Steineauf, 140 Kan. 407, 36 P.2d 995 (1934) which held unconstitutional an ordinance limiting the number of animals solely on a numerical classification; however, other cases have rejected this view. See State v. Mueller, 220 Wis. 435, 265 N.W. 103 (1936); State v. Beckert, 137 N.J.L. 562, 61 A.2d 213 (1948); People v. Yeo, 103 Mich. App. 418, 302 N.W.2d 883 (1981).
We find that the city's ordinance limiting each residence to three dogs and three cats is not unreasonable in light of the potential detriment to public health, safety and general welfare because of an overabundance of animals in a residential area. We further find that the constitution does not require a case specific classification such as type of dog, size of dog, or size of residence. The difficulty in enforcing such an ordinance would, in effect, render the ordinance meaningless.
Appellants next contend that by declaring a portion of the ordinance unconstitutional, the entire ordinance must fall.
If the unconstitutional portion of the ordinance can be eliminated without doing violence to the legislative purpose expressed in the valid portion, if the remaining portion is complete in itself and if the valid and invalid portions are not so inseparable that one portion would not have been enacted without the other, then the courts should give effect to the remaining valid portion of the ordinance. Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828 (Fla. 1962); High Ridge Management Corp. v. State, 354 So.2d 377 (Fla. 1977).
Here the purpose of the ordinance was to restrict the number of dogs and cats in a residential area for public health and safety. That purpose is not affected by the invalidity of the variance section. The invalid portion is easily separable from the valid portion and the remaining portion is complete in itself. Further, the fact that the City of Sanford ordinances contain a severability provision is evidence that the valid portion would have been enacted even without the variance provision.
*50 We find the ordinance constitutional and affirm the trial court.
AFFIRM.
PETERSON and McNEAL, R.T., Associate Judge, concur.