634 So.2d 246 (1994)
Scott BOUTERS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-504.
District Court of Appeal of Florida, Fifth District.
March 25, 1994.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michael J. Neimand, Asst. Atty. Gen., Parker D. Thomson, and Carol A. Licko, Sp. Asst. Attys. Gen., Miami, for appellee.
PER CURIAM.
The appellant, Scott Bouters, was charged with the offense of aggravated stalking pursuant to section 784.048(3), Florida Statutes (Supp. 1992), known as the Florida Stalking *247 Law. He moved to dismiss on the ground that such statute is facially unconstitutional because of vagueness and overbreadth. Following denial of that motion, he pled nolo contendere and then filed the instant appeal. Without belaboring the issue, we find the aforesaid statute to be facially constitutional, and basically agree with the analysis of that statute as found in State v. Pallas, 1 Fla. L. Weekly Supp. 442 (Fla. 11th Cir. June 9, 1993). In respect to the argument that the definition of the word "harasses" in subsection (1)(a) of the statute is vague because of the nonspecific term "serves no legitimate purpose," we agree with the analysis in State v. Bossie, 1 Fla. L. Weekly Supp. 465, 466 (Fla. Brevard County Ct. June 22, 1993), that the statute, read in its entirety, renders that particular phrase superfluous, hence, harmless.
AFFIRMED.
DAUKSCH, COBB and GRIFFIN, JJ., concur.