638 So.2d 1063 (1994)
Steven Ray VARNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-782.
District Court of Appeal of Florida, First District.
July 12, 1994.
Nancy A. Daniels, Public Defender, Faye A. Boyce, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Michael J. Neimand, Asst. Atty. Gen., Parker D. Thomson, Carol A. Licko, Sp. Asst. Attys. Gen., Miami, for appellee.
PER CURIAM.
Appellant challenges his conviction for the offense of stalking, asserting that the statute proscribing this offense is facially unconstitutional. He also contends that the probation order erroneously lists the offense of which he was convicted. The state concedes the probation order improperly describes the offense as aggravated stalking when, in fact, appellant pled no contest to the lesser offense of stalking.[1] We therefore remand for the purpose of correcting this error. We affirm as to the constitutional issue.
*1064 Appellant argues that the stalking statute, section 784.048, Florida Statutes (Supp. 1992), is both vague and overbroad, and therefore facially unconstitutional. We find that the arguments presented by appellant were substantially addressed in Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994), in which the court found the statute valid. See also, Bouters v. State, 634 So.2d 246 (Fla. 5th DCA 1994);[2]State v. Pallas, 1 Fla. L. Weekly Supp. 442 (Fla. 11th Cir. June 9, 1993), and State v. Bossie, 1 Fla. L. Weekly Supp. 465 (Fla.Brevard County Ct. June 27, 1993). Based upon the authorities cited and the reasons expressed in Pallas v. State, we reject appellant's constitutional challenge. However, we certify, as being of great public importance, the following question:
IS SECTION 784.048, FLORIDA STATUTES (SUPP. 1992) FACIALLY UNCONSTITUTIONAL AS VAGUE AND OVERBROAD?
We AFFIRM in part, REVERSE in part, and REMAND for entry of a corrected probation order.
ZEHMER, C.J., and ERVIN and SMITH, JJ., concur.
NOTES
[1] It should be noted that appellant pled no contest to several other offenses as well; these convictions are not at issue in the instant case.
[2] Jurisdiction accepted, Bouters v. State, 640 So.2d 1106, (Fla. 1994).