639 So.2d 191 (1994)
David Lewis GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-854.
District Court of Appeal of Florida, First District.
July 12, 1994.
Nancy A. Daniels, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Michael J. Neimand, Asst. Atty. Gen., Parker D. Thomson, Carol A. Licko, Sp. Asst. Attys. Gen., Miami, for appellee.
PER CURIAM.
Appellant seeks reversal of his judgment of conviction and sentences for aggravated stalking. We affirm in part and reverse in part.
Appellant pled no contest to three counts of aggravated stalking. For each count, appellant was sentenced to community control with the special condition that he serve 11 months and 30 days in county jail. Credit for time served was given, and the sentences are to be served concurrently. On the guidelines scoresheet used to arrive at this sentence, appellant was scored for being under legal constraint at the time the offenses were committed. The state concedes that this scoring was improper and recommends a remand on this point. We note that the sentence is also improper as the special condition contravenes case law. See, State v. Davis, 630 So.2d 1059 (Fla. 1994).
We find the remaining issue in this appeal to be without merit. Appellant argues that section 784.048, Florida Statutes (Supp. 1992), is vague and overbroad and is, therefore, unconstitutional. We rejected substantially similar arguments in Varney v. State, 638 So.2d 1063 (Fla. 1st DCA 1994) citing Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994), and other decisions. Accordingly, we affirm on this issue, and, as we did in Varney, certify as being of great public importance, the following question:
IS SECTION 784.048, FLORIDA STATUTES (SUPP. 1992) FACIALLY UNCONSTITUTIONAL AS VAGUE AND OVERBROAD?
We AFFIRM in part, REVERSE in part and REMAND for resentencing.
ZEHMER, C.J., and ERVIN and SMITH, JJ., concur.