644 So.2d 512 (1994)
STATE of Florida, Appellant,
v.
Robert KAHLES, Appellee.
No. 93-0957.
District Court of Appeal of Florida, Fourth District.
August 24, 1994.
Rehearing Denied and Certification of Question Granted October 19, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, Michael J. Neimand, Asst. Atty. Gen., Miami, Parker D. Thomson and Carol A. Licko, Sp. Asst. Attys. Gen., Miami, Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellant.
Alan H. Schreiber, Public Defender, Stacey J. Pastel and Diane M. Cuddihy, Asst. Public Defenders, Fort Lauderdale, for appellee.
PER CURIAM.
The trial court has held that section 784.048, Florida Statutes (Supp. 1992), Florida's Stalking Statute, is facially unconstitutional. We reverse and remand, relying on Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994), and Bouters v. State, 634 So.2d 246 (Fla. 5th DCA 1994), review granted, 640 So.2d 1106 (Fla. 1994).
We supplement these well-reasoned opinions of sister courts with the following excerpt from Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982), which delineates the analysis that should be applied when determining whether a criminal statute is unconstitutional on its face for overbreadth and vagueness:
In a facial challenge to the overbreadth and vagueness of a law,5 a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct.6 If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.7 A court should therefore examine the complainant's conduct before *513 analyzing other hypothetical applications of the law.
5 A "facial" challenge, in this context, means a claim that the law is "invalid in toto and therefore incapable of any valid application." Steffel v. Thompson, 415 U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974). In evaluating a facial challenge to a state law, a federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered. Grayned v. City of Rockford, 408 U.S. 104, 110, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972).
6 In making that determination, a court should evaluate the ambiguous as well as the unambiguous scope of the enactment. To this extent, the vagueness of a law affects overbreadth analysis. The Court has long recognized that ambiguous meanings cause citizens to "`steer far wider of the unlawful zone' .. . than if the boundaries of the forbidden areas were clearly marked." Baggett v. Bullitt, 377 U.S. 360, 372, 84 S.Ct. 1316 [1323], 12 L.Ed.2d 377 (1964), quoting Speiser v. Randall, 357 U.S. 513, 526, 78 S.Ct. 1332, 1342, 2 L.Ed.2d 1460 (1958); see Grayned, supra, 408 U.S. at 109, 92 S.Ct., at 2299; cf. Young v. American Mini Theatres, Inc., 427 U.S. 50, 58-61, 96 S.Ct. 2440, 2446-2447, 49 L.Ed.2d 310 (1976).
7 "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). See United States v. Powell, 423 U.S. 87, 92-93, 96 S.Ct. 316, 319-320, 46 L.Ed.2d 228 (1975); United States v. National Dairy Products Corp., 372 U.S. 29, 32-33, 36, 83 S.Ct. 594, 597-598, 599, 9 L.Ed.2d 561 (1963). "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974). The rationale is evident: to sustain such a challenge, the complainant must prove that the enactment is vague "`not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' Coates v. City of Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971). Such a provision simply has no core." Smith v. Goguen, 415 U.S. 566, 578, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605 (1974).
Apparently, the trial court did not utilize this analysis in the instant case. Perhaps because the question of facial constitutionality of the stalking statute was taken up before trial, the alleged conduct of the defendant on which the criminal charge was based was not even considered.
In future cases in which a criminal statute is attacked as unconstitutional on its face, application of this step-by-step process should facilitate the work of bench and bar.
REVERSED AND REMANDED.
GUNTHER, WARNER and POLEN, JJ., concur.

ON MOTION FOR REHEARING AND/OR CERTIFICATION
We deny appellee's September 8, 1994 motion for rehearing. However, we grant in part appellee's motion to certify the following questions as involving issues of great public importance:
1. DOES SECTION 784.048(2) OF THE FLORIDA STATUTES VIOLATE DUE PROCESS ON THE BASIS THAT IT FAILS TO PLACE CITIZENS ON NOTICE OF PROSCRIBED CONDUCT AND IT FAILS TO PROVIDE MINIMAL GUIDELINES TO PREVENT ARBITRARY AND DISCRIMINATORY ENFORCEMENT?
2. DOES SECTION 784.048(2) VIOLATE FREEDOM OF EXPRESSION ON THE BASIS THAT IT FAILS TO DISTINGUISH BETWEEN PROTECTED AND UNPROTECTED CONDUCT OR SPEECH?
REHEARING DENIED; QUESTIONS CERTIFIED.