651 So.2d 185 (1995)
STATE of Florida, Appellant,
v.
Lazaro Anleo GONZALEZ, Appellee.
No. 94-01560.
District Court of Appeal of Florida, Second District.
February 22, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, Michael J. Neimand, Asst. Atty. Gen., Parker D. Thomson, and Carol A. Licko, Sp. Asst. Attys. Gen., Miami, for appellant.
Joseph J. Registrato, Tampa, for appellee.
PER CURIAM.
Appellant, State of Florida, appeals the trial court order which granted appellee's motion to dismiss the aggravated stalking charges against him and which declared Florida's Stalking Statute, section 784.048, Florida Statutes (Supp. 1992) facially unconstitutional for vagueness and overbreadth.
In similar challenges, the statute has been found to be facially constitutional by each of the District Courts of Appeal. See Huffine v. State, 648 So.2d 783 (Fla.App. 2 Dist. 1994); Steffa v. State, 645 So.2d 552 (Fla. 2d DCA 1994); State v. Tremmel, 644 So.2d 102 (Fla. 2d DCA 1994); State v. Kahles, 644 So.2d 512 (Fla. 4th DCA 1994); Varney v. State, 638 So.2d 1063 (Fla. 1st DCA 1994); Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994); Bouters v. State, 634 So.2d 246 (Fla. 5th DCA), rev. granted, 640 So.2d 1106 (Fla. 1994).
We continue to adhere to our previous decisions and find the statute facially constitutional and, therefore, reverse and remand. We decline to rule on whether the statute is unconstitutional as applied to appellee since the trial court did not address that issue.
We certify, however, as being of great public importance, the following question:
IS SECTION 784.048, FLORIDA STATUTES (SUPP. 1992), FACIALLY UNCONSTITUTIONAL *186 AS VAGUE AND OVERBROAD?
Reversed and remanded.
CAMPBELL, A.C.J., and THREADGILL and QUINCE, JJ., concur.