659 So.2d 232 (1995)
Peter Richard KOSHEL, Petitioner,
v.
STATE of Florida, Respondent.
No. 83765.
Supreme Court of Florida.
April 27, 1995.
James B. Gibson, Public Defender and Nancy Ryan, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, and Parker D. Thomson and Carol A. Licko, Sp. Asst. Attys. Gen., Miami, for respondent.
SHAW, Justice.
We have for review State v. Koshel, 636 So.2d 598 (Fla. 5th DCA), wherein the district court relied on Bouters v. State, 634 So.2d 246 (Fla. 5th DCA 1994), to reverse a trial court order finding Florida's stalking statute, § 784.048, Fla. Stat. (Supp. 1992), unconstitutional. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We have reviewed Bouters and found the statute constitutional. See Bouters v. State, No. 83,558, 659 So.2d 235 (Fla. 1995). Accordingly, we approve the district court decision in Koshel.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., concurs specially with an opinion.
KOGAN, Justice, specially concurring.
I concur subject to the reservations I expressed in Bouters v. State, 659 So.2d 235 (Fla. 1995) (Kogan, J., specially concurring), and those stated below. While I have no quarrel with the majority's holding as to subsection 784.048(3), Florida Statutes (Supp. 1992), I think the record requires that we separately analyze the validity of subsection 784.084(4), Florida Statutes (Supp. 1992), for which Koshel also was convicted. While the former statute is in the nature of an aggravated assault, the latter is better characterized as a special type of indirect contempt. This is because the latter statute criminalizes a violation of a court-ordered "injunction for protection."
It may be useful to briefly summarize the three crime-creating provisions of the stalking statute. Subsection 784.084(2), Florida Statutes (Supp. 1992), creates what may be called the "follow-or-harass" offense. Subsection 784.084(3) adds to this basic offense a kind of assault requirement, while subsection 784.084(4) adds an indirect contempt requirement (though not an assault requirement). For the reasons I stated in Bouters, I have no trouble finding the "assault" subsection constitutional, nor do I have trouble holding that the "indirect contempt" subsection also is valid. A court-ordered injunction for protection directly places a person on notice of the law's requirements, is justified by compelling reasons, and certainly is less intrusive on expressive rights than the injunction permitted in Operation Rescue v. Women's Health Center, 626 So.2d 664 (Fla. 1993), aff'd in part, rev'd in part sub nom. Madsen v. Women's Health Center, ___ U.S. ___, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994).
Nevertheless, it is obvious that the analysis of subsections 784.048(3) and (4) do not necessarily apply to subsection 784.048(2). It is doubtful whether the latter statute is a species of assault, and the bare "follow-or-harass" requirement certainly is not an indirect contempt. For these reasons, I do not view the majority opinion here or in Bouters as disposing of whatever constitutional issues surround subsection 784.048(2). I do note, however, that the issue of "simple stalking" is posed in the companion case of Varney v. State, 659 So.2d 234 (Fla. 1995). For the reasons I expressed in Varney (Kogan, J., dissenting), I do not belief the Court can address the validity of the "simple stalking" *233 provision without adequate briefing and oral argument.