659 So.2d 234 (1995)
Steven Ray VARNEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 84172.
Supreme Court of Florida.
April 27, 1995.
Rehearing Denied August 22, 1995.
Nancy A. Daniels, Public Defender, and Raymond Dix, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., and Parker D. Thomson and Carol A. Licko, Sp. Asst. Attys. Gen., Miami, for respondent.
SHAW, Justice.
We have for review Varney v. State, 638 So.2d 1063 (Fla. 1st DCA 1994), wherein the district court certified the following question:
Is section 784.048, Florida Statutes (Supp. 1992), facially unconstitutional as vague and overbroad?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We have found this statute constitutional. See Bouters v. State, 659 So.2d 235 (Fla. 1995). Accordingly, we answer the question in the negative and approve the district court decision on this issue.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
KOGAN, J., dissents with an opinion, in which ANSTEAD, J., concurs.
KOGAN, Justice, dissenting.
The certified question is overbroad because it asks this Court to address the entirety of section 784.048, Florida Statutes (Supp. 1992), when the only subsection at issue here is subsection 784.048(2), Florida Statutes (Supp. 1992). In other words, Varney was convicted of "simple stalking," not aggravated stalking or stalking in violation of an injunction for protection. Varney v. State, 638 So.2d 1063, 1063 (Fla. 1st DCA 1994); see §§ 784.048(2-4), Fla. Stat. (Supp. 1992). I thus would rephrase the question as follows:
Is subsection 784.048(2), Florida Statutes (Supp. 1992), facially unconstitutional as vague or overbroad?
Moreover, for the reasons I expressed in Bouters v. State, 659 So.2d 235 (Fla. 1995) (Kogan, J., specially concurring), Gilbert v. State, 659 So.2d 233 (Fla. 1995) (Kogan, J., specially concurring), and Koshel v. State, 659 So.2d 232 (Fla. 1995) (Kogan, J., specially concurring), I do not believe that simple stalking poses the same constitutional issues as the other two statutory provisions. Constitutionally it is the least defensible provision in the stalking statute. Indeed, the State's brief clearly is inadequate on this point, because it analyzes this case as though it involved the validity of aggravated stalking, which is not the issue here.[1] Confusion on this point has vexed this case from the very beginning. Varney, 638 So.2d at 1063 (noting confusion on this point in Varney's probation order). Moreover, I believe the Court accepted jurisdiction without granting oral argument based on the mistaken belief, engendered in part by the State's brief, that the issues here were the same as those in Bouters.
Because the issues here are too important for summary treatment, I would hold the Court improvidently accepted this case without oral argument, and I would order new *235 briefing and place the case on the oral argument calendar.
ANSTEAD, J., concurs.
NOTES
[1] The State begins its brief with the following remark:

"The strict issue before the Court is the constitutionality of Section 784.048(3), Florida Statutes as applied to the action of Petitioner." This statement is reiterated elsewhere in the brief. In actuality, Varney pled guilty to the offense defined in subsection (2), not subsection (3).