PER CURIAM.
The city of Sarasota seeks certiorari review of an order of the circuit court sitting in its appellate capacity which declared a city ordinance unconstitutional. At issue before the circuit court was review of the county court’s denial of John Calhoun’s motion to dismiss based upon a claim that the city’s dog bark ordinance[1] is impermissibly vague. In determining that the ordinance is both overbroad and vague, the circuit court departed from the essential requirements of law, and consequently we quash the order and direct the court to reinstate the disposition of the county court.
The trial transcript discloses that two neighbors testified that two of Calhoun’s three great danés barked continuously for three hours with no apparent stimulus, and a third neighbor confirmed these facts but equivocated on how much of his attention was drawn to the dogs because he was so accustomed to the noise. The officer who was summoned upon one neighbor’s complaint listened to this repeated barking for a half hour before issuing the citation which led to the owner’s criminal prosecution. The officer observed that while in the complainant’s house with windows closed the dogs “overpowered” the noise of the air-conditioning and television in use at the time.
Ownership of a dog which barks is lawful, but this activity is subject to regulation by general police powers. All property, including animals, is held subject to the right of the state to regulate it on the condition that its use shall not be injurious to the rights of others. This type of regulation has *1340 a long standing history of constitutionality. Gates v. City of Sanford, 566 So.2d 47, 49 (Fla. 5th DCA 1990). Without passing on the question of whether or not this ordinance prohibits lawful activity, or makes it unconstitutionally difficult to determine what behavior is forbidden, it is clear from the facts adduced at trial that the owner’s conduct in allowing the dogs’ unrestrained barking was a violation of the conduct prohibited by the ordinance even though the ordinance might have been more narrowly drawn. An individual who engages in conduct that is clearly proscribed cannot complain of the vagueness of the law as it might be applied to the conduct of others. As a consequence, Calhoun lacks standing to contend that the ordinance is vague. See State v. Kahles, 644 So.2d 512, 513 n. 7 (Fla. 4th DCA 1994), approved, 657 So.2d 897 (Fla.1995); State v. Peters, 534 So.2d 760, 766 n. 10 (Fla. 3d DCA 1988), rev. denied, 542 So.2d 1334 (Fla.1989) (citing Broadrick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 2914-15, 37 L.Ed.2d 830 (1973)).
 The doctrine of overbreadth applies only to circumstances where important constitutionally protected activity, principally free speech, is endangered. However, an exception may be made to challenges based on overbreadth by individuals whose conduct is not in regard to an important constitutionally protected activity where the prohibited conduct could be proscribed by a law drawn with the requisite specificity. Pallas v. State, 636 So.2d 1358, 1361-62 (Fla. 3d DCA 1994), approved, 654 So.2d 127 (Fla.1995) (citing New York v. Ferber, 458 U.S. 747, 767-69, 102 S.Ct. 3348, 3359-61, 73 L.Ed.2d 1113 (1982)). This broadening of the traditional approach to standing is employed with hesitanee mainly when necessary to protect against the undesirable chilling effect on speech or other constitutionally protected activity. No construction of First Amendment case law suggests that dog barking ever raises any legitimate, substantive constitutional issue, so the circuit court’s determination that the ordinance in question is overbroad misapplies an important legal principle.
Because Calhoun lacked standing to challenge the law as vague, and because the ordinance does not threaten to interfere with any constitutional right, and consequently cannot be overbroad, the court departed from the essential requirements of law by declaring it unconstitutional, and this court has jurisdiction to correct that decision. Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995). The circuit court’s decision violates two clearly established principles of law resulting in a miscarriage of justice. Combs v. State, 436 So.2d 93 (Fla.1983).
Certiorari is granted and the order of the circuit court is quashed, with directions to reinstate the county court’s disposition of the city ordinance prosecution of Calhoun.
DANAHY, A.C.J., and CAMPBELL and FRANK, JJ., concur.

. Section 8-27, Sarasota City Code reads: "It shall be unlawful for any person to keep, harbor or own any dog which, by loud, frequent or habitual barking, yelping, howling or by constant threat of attacking and biting, shall cause annoyance to the neighborhood or to people passing upon the streets.”