KLEIN, Judge.
The appellees were charged with conspiring to administer medication to a race animal for the purpose of affecting the outcome of a horse race in violation of sections 550.235(2) and 550.2415(9)(a), Florida Statutes (1993). The trial court dismissed the charges ruling section 550.235(2) unconstitutionally vague both on its face and as applied. We reverse.
The appellees had allegedly conspired to give the race horse a mixture containing approximately ⅜ of a pound of sodium bicarbonate (baking soda). The mixture was allegedly administered within hours of the start of the race. Section 550.235(2) provides:
Any person who attempts to affect the outcome of a horserace or dograce through administration of medication or drugs to a race animal as prohibited by law; who *1194 administers any medication or drugs prohibited by law to a race animal for the purpose of affecting the outcome of a horserace or dograce; or who conspires to administer or to attempt to administer such medication or drugs is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.088, or s. 775.084.
Complementing section 550.235(2) is section 550.2415(9)(a) which provides:
Under no circumstances may any medication be administered within 24 hours before the officially scheduled post time of the race except as provided in this section.
“The standard for testing vagueness under Florida law is whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct.” Brown v. State, 629 So.2d 841, 842 (Fla.1994). This court has set forth the analysis to be applied by a trial court in this district when confronted with a challenge to the constitutionality of a statute:
In a facial challenge to the overbreadth and vagueness of a law, a court’s first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is imper-missibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant’s conduct before analyzing other hypothetical applications of the law.
State v. Kahles, 644 So.2d 512, 513 (Fla. 4th DCA 1994) (footnotes omitted) (quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982)).
In concluding that the statute was facially vague, the trial court did not examine whether there were applications under which the statute’s terms would not be vague. Rather, the court became concerned about the hypothetical application of the statute to marginal prosecutions. For example, the court expressed concern that this statute might be used to criminalize the use of vitamins or natural laxatives.[1] We reiterate that in order for a statute such as this, which implicates no constitutionally protected conduct, to be facially vague, it must be imper-missibly vague in all of its applications. Kahles. Although the terms “medication or drugs” are undefined by the statute, it simply cannot be said that they are vague in all applications. For example, no person of ordinary intelligence could have been heard to complain that the term “medication” was vague had the substance given to the horse been a narcotic or amphetamine. We therefore hold that section 550.235(2) is facially constitutional.
Further, in concluding that section 550.235(2) was vague as applied the trial court did not have before it at the hearing any facts regarding the time, place, or manner that the sodium bicarbonate was allegedly administered by the appellees. The trial court must determine whether a person of ordinary intelligence was given fair notice that the appellees’ particular conduct was prohibited. See, e.g., Plante v. Department of Business and Professional Regulation, Nos. 95-0837 & 95-1096, — So.2d — [1996 WL 655766] (Fla. 4th DCA November 13, 1996).
As the trial court did not correctly apply the analysis set forth in Kahles, we reverse for further proceedings.
STONE and PARIENTE, JJ., concur.

. Significantly, none of the six attorneys present for the hearing directed the trial court to section 550.2415(8)(d) which addressed the concern of the trial court. This provision reads:
Nothing in this section shall be interpreted to prohibit the use of vitamins, minerals, or naturally occurring substances so long as none exceeds the normal physiological concentration in a race day specimen.