763 So.2d 353 (1998)
Zara WILBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1041.
District Court of Appeal of Florida, Fourth District.
June 24, 1998.
*354 Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbra Amron Weisberg, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
After being convicted of attempted sexual battery of a mentally defective person, for the first time on appeal appellant challenges the facial constitutionality of section 794.011(4)(e), Florida Statutes (1995), as being void for vagueness. The fact that appellant did not raise this issue below does not preclude us from addressing it on appeal. See Trushin v. State, 425 So.2d 1126, 1129 (Fla.1982); Taccariello v. State, 664 So.2d 1118, 1120 (Fla. 4th DCA 1995). Nevertheless, since appellant's conduct falls squarely within the statutory prohibition, her facial challenge must fail.
The testimony at appellant's trial revealed that appellant, a nurse in the Alzheimer's disease unit of a nursing facility, attempted to engage in oral sex with one of the patients under her care. The patient, a resident of the facility for nearly four years, was diagnosed with a mental defect known as anoxic encephalopathy, or organic brain syndrome. His memory and judgment centers were greatly damaged, and his overtly sexual conduct at the facility was a result of his brain dysfunction. Other nurses at the facility testified that appellant had been employed there for over a year and was aware of the patient's condition and his sexual proclivities. At trial, appellant did not challenge the vagueness of the statute under which she was prosecuted. Instead, she contended that the state had failed to prove that the sexual activity was nonconsensual.
Section 794.011(4)(e) provides that:
A person who commits sexual battery upon a person 12 years of age or older without that person's consent, under any of the following circumstances, commits a felony of the first degree ...
(e) When the victim is mentally defective and the offender has reason to believe this or has actual knowledge of this fact.
The statute defines "mentally defective" as being "a mental disease or defect which renders a person temporarily or permanently incapable of appraising the nature of his or her conduct." § 794.011(1)(b). Appellant claims that the statute is unconstitutional because the term "mentally defective" fails a vagueness challenge.
In State v. Kahles, 644 So.2d 512 (Fla. 4th DCA 1994), approved, 657 So.2d 897 (Fla.1995), this court explained the various principles that a court must apply in determining whether a criminal statute is facially unconstitutional for vagueness:
The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.
Id. at 512 (quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982))(footnotes omitted). In a footnote, we explained that vagueness challenges to statutes not involving First *355 Amendment conduct must be evaluated in light of the facts of a particular case:
"One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974). The rationale is evident: to sustain such a challenge, the complainant must prove that the enactment is vague "`not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' Coates v. City of Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971). Such a provision simply has no core." Smith v. Goguen, 415 U.S. 566, 578, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605 (1974).
Kahles, 644 So.2d at 513 n. 7 (emphasis in original).
Therefore, in evaluating appellant's vagueness claim, we must first examine her conduct and determine whether the statute proscribes it. "If the record demonstrates that the appell[ant] engaged in some conduct clearly proscribed by the plain and ordinary meaning of the statute, then [s]he cannot successfully challenge it for vagueness nor complain of its vagueness as applied to the hypothetical conduct of others." State v. Barnes, 686 So.2d 633, 637 (Fla. 2d DCA 1996), rev. denied, 695 So.2d 698 (Fla.), and cert. denied, 522 U.S. 903, 118 S.Ct. 257, 139 L.Ed.2d 184 (1997).[1]
We think the evidence at trial clearly showed that appellant's conduct fell squarely within the conduct which the statute proscribes. The state established that the patient involved was "mentally defective" because he was not legally or medically capable of giving consent to sexual activity nor was he capable of understanding or evaluating his conduct. It also established that by virtue of appellant's employment as one of the patient's treating nurses, she had either actual knowledge or "reason to believe" that the patient was "mentally defective." Finally, eyewitness testimony revealed the attempted sexual activity. Thus, since section 794.011(4)(e) provides adequate notice that appellant's conduct was unlawful, it is not vague in all of its applications and is thus not unconstitutionally vague on its face. See State v. Mitro, 700 So.2d 643, 645 (Fla.1997).
We affirm the conviction and judgment.
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] An examination of appellant's conduct in light of the statute in evaluating a facial void for vagueness claim does not constitute an "`as-applied' analysis." Travis v. State, 700 So.2d 104, 106 (Fla. 1st DCA 1997), rev. denied, 707 So.2d 1128 (Fla.1998), which must be raised first at the trial level. See Trushin, 425 So.2d at 1129-30.