124 So.2d 490 (1960)
STATE of Florida, Appellant,
v.
Louis Albert BARONE et al., Appellees.
No. 30599.
Supreme Court of Florida.
November 16, 1960.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellant.
Vivion B. Rutherford and Ernest E. Roberts, Miami, for appellees.
DREW, Justice.
The State appeals from a final judgment of the Criminal Court of Record in and for Dade County, Florida holding Sections 828.19 and 828.21, Florida Statutes, F.S.A., unconstitutional.[1] The final judgment quashed *491 an amended four count information filed in the Criminal Court of Record of Dade County against the appellees, Louis Albert Barone, Arthur James Horton, Mike Angel Acosta, and Harry Herman Devendorf, charging them with contributing to the delinquency of an unmarried female person under the age of seventeen years. The first three counts were framed under Section 828.21, Florida Statutes, F.S.A.[2] and the fourth count was framed under Section 828.19, Florida Statutes, F.S.A.[3]
*492 We accepted jurisdiction under Article V, Section 4(2) of the Constitution of the State of Florida, F.S.A.[4] after having determined that the judgment appealed from was a final judgment,[5] and that it passed upon the validity of two state statutes by holding each to be unconstitutional and void.
Section 828.21, Florida Statutes, F.S.A., under which each of the first three counts of the information charged the appellees with contributing to the delinquency of an unmarried female person under the age of seventeen years, provides that the meaning of a "delinquent child" shall be that defined under the laws of Florida. While no specific mention is made of it in Sections 828.19 or 828.21, Florida Statutes, F.S.A., there is but one place in the statutes of this State where the words "delinquent child" are delimited. That is to be found in Section 39.01, Florida Statutes, F.S.A.:
"(6) `Child' means any married or unmarried person under the age of seventeen years, or any person who is charged with a violation of law occurring prior to the time that person reached the age of seventeen years.
* * * * * *
"(11) `Delinquent child' means a child who commits a violation of law, regardless of where the violation occurred; or is incorrigible; or is a persistent truant from school or who is beyond the control of the child's parent or other legal custodian; or who associates with criminals, reputed criminals, or vicious or immoral persons; or is growing up in idleness or crime; or whose occupation, behavior, or associations are such as to injure or endanger the welfare of the child or the welfare of others; or who is found in a place predominantly used for selling intoxicating drinks for consumption on the premises."
The allegations in counts one, two and three show that the appellees, by their acts and conduct encouraged the named female child to become a "delinquent child" within the area of the definition supra by encouraging the child to associate with vicious or immoral persons, and to engage in such behavior as to injure or endanger her welfare.[6]
Courts of this country have uniformly upheld statutes of the type here involved against claims that they were unconstitutionally vague and indefinite, and the United States Supreme Court has declined, by denying certiorari, opportunities offered to it to review such holdings. No useful purpose would be served by extensive quotations from the many well reasoned cases from the other jurisdictions where statutes almost identical to ours have been sustained against similar attacks. Typical of the language in statutes *493 upheld by the courts in other jurisdictions is that of Washington which made it a misdemeanor to
"`encourage, cause, or contribute to the * * * delinquency' of a minor child".[7]
The statute did not define or specify the particular act or acts which would constitute the offense. Nevertheless, the Supreme Court of that state summarized its views on the matter by observing
"It is within the province of the Legislature in creating an offense to define it by a particular description of the acts constituting it, or to define it as an act which produces a certain defined or described result."
This is a universal rule[8] and we have found no case holding otherwise.
The trial court held Section 828.19, Florida Statutes, F.S.A. unconstitutionally vague and indefinite. The fourth count of the information charged the appellees with contributing to the delinquency of an unmarried female person under the age of seventeen years contrary to this section in which "delinquent child" is not defined but reference is made to "as defined under the laws of Florida". The authorities cited supra supporting the constitutionality of Section 828.21, Florida Statutes, F.S.A., are equally applicable to Section 828.19, Florida Statutes, F.S.A. We hold that the section is sufficiently definite and certain to be capable of enforcement and that the constitutional tests and requirements have been met.
We need discuss but one more feature of this case, namely whether count one of the information, supra, which charges the offense in the language of Section 828.21, Florida Statutes, F.S.A., is too vague and indefinite. Having upheld the constitutionality of Section 828.21, Florida Statutes, F.S.A. under which the count is framed, it is obvious by even a casual reading of the count that it is clearly specific, certain and definite, and not subject to the infirmity alleged.
The judgment of the Criminal Court of Record is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.
THOMAS, C.J., and TERRELL, ROBERTS, THORNAL and O'CONNELL, JJ., and STURGIS, District Court Judge, concur.
NOTES
[1] "This cause coming on to be heard upon the motion of the defendants to quash the amended information dated the 7th day of April, 1960, and each and every count thereof, and it appearing to the Court that the said amended information and argument of the State's counsel neither sets forth or assumes any new or additional grounds or position from that taken in the original information and argument, and the Court upon motion of the defendants has and does consider the original motion to quash to be addressed to each count of the amended information, and the Court being fully advised and having given careful and due consideration, hereby passes directly upon the validity of Sections 828.19 and 828.21, Florida Statutes 1959, and is of the opinion, that

"1. Section 828.19 and 828.21, Florida Statutes 1959, separately and severally as applied to the designated counts of the amended information, are both unconstitutional, void and of no force or effect for reason that each section is so vague and indefinite as to prescribe no ascertainable standard of guilt and is therefore an unconstitutional delegation of legislative power to the court or the jury, as the case may be, in violation of Section 1 of Article III of the Constitution of the State of Florida.
"2. Sections 828.19 and 828.21, Florida Statutes 1959, separately and severally, as applied to the designated counts of the information, are both unconstitutional, void and of no force or effect for reason that each section is so vague and indefinite that a charge thereunder fails to comply with the provisions of Sections 11 and 12 of the Declaration of Rights of the Constitution of Florida and the 14th Amendment of the Constitution of the United States of America in that Sections 828.19 and 828.21 undertake to deprive each of the defendants of the right `to demand the nature and cause of the accusation against him' and that Sections 828.19 and 828.21 undertakes to deprive the defendants of their liberty or property without due process of law.
"3. The amended information, dated the 7th day of April, 1960, and each and every count thereof, is too vague, indefinite and uncertain to state or constitute any offense or crime contrary to the laws of the State of Florida.
"Wherefore, It Is Ordered And Adjudged that:
"(a) The amended information filed on the 7th day of April, 1960, and each count thereof, be and the same is hereby quashed;
"(b) The State Attorney having announced that he does not desire or intend to file any further amended information in this cause, this order to quash is hereby declared and adjudged to be a final judgment.
"(c) The defendants and their sureties be and are hereby discharged and the said cause dismissed."
[2] "828.21 Causing minor under eighteen to become delinquent or dependent child. 

"(1) Any person who shall commit any act, which causes or tends to cause, or encourage any person under the age of eighteen years to become a delinquent or dependent child, as defined under the laws of Florida, or which act contributes thereto, or any person who shall be act, or by threats, or commands or persuasion, induce or endeavor to induce any such person, under the age of eighteen years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or manifestly tend to cause any such person under the age of eighteen years to become or to remain a dependent or delinquent child, as defined under the laws of the state, shall be guilty of a misdemeanor.
"(2) Any person convicted of violating this section shall be punished as provided by the laws of Florida for persons convicted of contributing to the dependency or delinquency of children under the age of eighteen years."
[3] "828.19 Penalty for encouraging or contributing to child delinquency.  In all cases where any child shall be a dependent or delinquent child, as defined under the laws of Florida, any person or persons who shall by any act encourage, cause, or contribute to the dependency or delinquency of such child, and any parent or legal guardian of such child who shall by neglect of duty as such parent or legal guardian encourage, cause, or contribute to the dependency or delinquency of such child, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by fine not exceeding one hundred dollars, or imprisonment in the county jail for not more than three months; provided, however, that the court may suspend sentence for a violation of the provisions of this section and impose conditions as to the conduct, in the premises, of any person so convicted, and make such suspension to depend upon the fulfillment by such person of such conditions, and in case of the breach of such conditions, or any thereof, the court may impose sentence as though there had been no such suspension. The Court may also, as a condition of such suspension, require a bond in such sum as the court may designate, to be approved by the judge requiring same, to secure the performance by such person of the conditions placed by the court on such suspension; such bond shall by its terms be made payable to the state, and any moneys received for a breach of this or any other section of this chapter shall be paid into the county treasury to the credit of the fine and forfeiture fund or maintenance of children under this chapter."
[4] "Appeals from trial courts may be taken directly to the supreme court, as a matter of right, * * * from final judgments * * * directly passing upon the validity of a state statute * * *."
[5] We have held the test of a final judgment to be whether the judicial labor is at end (Slatcoff v. Dezen, Fla. 1954, 72 So.2d 800, 801). The judgment here meets this requirement.
[6] A portion of the first count of the information illustrates this: "* * * did then and there commit certain acts which caused, tended to cause and encourage a certain person * * * who was then and there an unmarried female person under the age of 17 years, to become a delinquent child, as defined by the laws of Florida, by unlawfully, lewdly, lasciviously and indecently removing their clothing and exposing and exhibiting their sexual organs in the presence of said * * * and by then and there unlawfully, lewdly, lasciviously and indecently placing their penises in the hand of said * * * and * * * putting their hands upon the breasts of said * * * contrary to the form of the Statute (Section 828.21 Florida Statutes 1959) * * *."
[7] State v. Friedlander, 1960, 141 Wash. 1, 250 P. 453, 455, writ of error dismissed by U.S. Supreme Court 275 U.S. 573, 48 S.Ct. 17, 72 L.Ed. 433.
[8] Cases quite similar to the Washington case (footnote 7) are: Loveland v. State, 1939, 53 Ariz. 131, 86 P.2d 942; Commonwealth v. Randall, 1957, 183 Pa. Super. 603, 133 A.2d 276, certiorari denied by United States Supreme Court in 355 U.S. 954, 78 S.Ct. 539, 2 L.Ed.2d 530; Brockmueller v. State, 1959, 86 Ariz. 82, 340 P.2d 992, certiorari denied by United States Supreme Court in 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184.