289 So.2d 388 (1973)
Gilbert BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 44267.
Supreme Court of Florida.
December 20, 1973.
Gary L. Vonhof, Palm Beach, Fla., and John F. Law, Jr. of Ryan, Taylor & Law, North Palm Beach, for appellant.
David H. Bludworth, State's Atty., and Harold Jeffrey Cohen, Asst. State's Atty., for appellee.
ROBERTS, Justice.
This cause has been transferred to us by the Circuit Court, Fifteenth Judicial Circuit *389 in and for Palm Beach County, it appearing that the trial judge directly ruled on the constitutionality of Sections 828.21, 800.02, and 796.07, Florida Statutes, F.S.A., thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution, F.S.A.
On January 19, 1973, appellant was charged by information with two counts of causing a minor under 18 to become a delinquent or dependent child, two counts of unnatural and lascivious acts, and four counts of assignation contrary to Sections 828.21, 800.02, and 796.07, Florida Statutes, F.S.A. Appellant moved to quash and dismiss the information and alleged as grounds therefor the unconstitutionality of the aforestated statutes. Hearing was held on this motion after which the trial court entered an order upholding the constitutionality of these statutes and denying appellants motion to quash and dismiss counts 1, 3, 4, 5, 6, 7, and 8. Count 2 was dismissed because in charging violation of Section 828.21, count 2 alleged that the minor involved was seventeen. Since delinquent child is described by Section 39.01 to be one under seventeen years of age, the trial judge dismissed count 2.
Subsequently, appellant expressed an intent to withdraw his previous plea of not guilty and to enter a plea of nolo contendere as to counts 1, 3, and 5. The court, after interrogating appellant as to his understanding of the nature of the charge and as to whether his plea was being made freely and voluntarily without threat of punishment or promise of reward having been made, accepted appellant's plea of nolo contendere as to counts 1, 3, and 5, and adjudged him guilty thereof.
Section 828.21, Florida Statutes, F.S.A., provides:
"Any person who shall commit any act which causes or tends to cause or encourage any person under the age of eighteen years to become a delinquent or dependent child, as defined under the laws of Florida, or which act contributes thereto, or any person who shall by act, or by threats, or commands, or persuasion, induce or endeavor to induce any such person, under the age of eighteen years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or tend to cause any such person under the age of eighteen years to become or to remain a dependent or delinquent child, as defined under the laws of this state shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083."
The trial court correctly upheld the constitutionality of this statute. Section 828.21 conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. Lindsay v. State, 284 So.2d 377 (Fla. 1973), filed October 24, 1973, State v. Barone, 124 So.2d 490 (Fla. 1960). Sub judice appellant was charged in count 1 with violation of this act in that he:
"... did commit sodomy and/or any lewd, unnatural or lascivious act with ... aged fifteen, by placing his penis in the rectum of... ."
This conduct is clearly proscribed by Sections 828.21 and 800.02, Florida Statutes, F.S.A. In State v. Barone, supra, this Court upheld the constitutionality of Section 828.21, Florida Statutes, F.S.A., which is substantially similar to the statute questioned in the instant cause, against attacks of vagueness and overbreadth. For the reasons stated therein which are applicable sub judice in determining the constitutionality vel non of Section 828.21 and for the reasons stated in our recent decision of Lindsay v. State, supra, wherein we upheld the constitutionality of Section 828.19, Florida Statutes, F.S.A., which are equally applicable to the question of constitutionality of Section 828.21, we hold that Section 828.21 is constitutional.
Relative to the constitutionality vel non of Section 800.02 which provides:
"Whoever commits any unnatural and lascivious act with another person shall *390 be guilty of a misdemeanor of the second degree."
we adhere to our recent decision in Witherspoon v. State; Little v. State, 278 So.2d 611 (Fla. 1973), wherein we upheld the constitutionality of Section 800.02 against an attack of vagueness and overbreadth and stated:
"Thus, we reaffirm our holding in Chesebrough v. State, supra [255 So.2d 675 (Fla. 1971)], and Franklin v. State, supra [257 So.2d 21 (Fla. 1971)], that the words `unnatural and lascivious' or `lewd and lascivious' are of such a character that an ordinary citizen can easily determine what character of act is intended, and are thus secure from constitutional attack." Witherspoon v. State, etc., supra, at 612.
Section 796.07, Florida Statutes, F.S.A., provides in pertinent part:
"(1) As used in this section, unless the context clearly requires otherwise:
(a) The term `prostitution' shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for licentious sexual intercourse without hire.
(b) The term `lewdness' shall be construed to include any indecent or obscene act.
(c) The term `assignation' shall be construed to include the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
(d) The term `prostitution' as used in subdivision (a) shall be construed so as to exclude sexual intercourse between a husband and his wife.
* * * * * *
(3) It shall further be unlawful in the state:
(a) To offer to commit, or to commit, or to engage in, prostitution, lewdness or assignation.
(b) To solicit, induce, entice or procure another to commit prostitution, lewdness or assignation with himself or herself.
(c) To reside in, enter or remain in, any place, structure or building, or to enter or remain in any conveyance, for the purpose of prostitution, lewdness or assignation.
(d) To aid, abet or participate in the doing of any of the acts or things enumerated in subsections (2) and (3) of this section.
(4) In the trial of any persons charged with the violation of any of the provisions of this section, testimony concerning the reputation of any place, structure, building or conveyance involved in said charge, and of the person or persons who reside in, operate or frequent the same, and of the defendant, shall be admissible in evidence in support of the charge.
(5) Any person who shall violate any provision of this section shall be deemed guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083."
Appellant argues that Section 796.07, Florida Statutes, F.S.A., is unconstitutional because the term lewdness is vague. This statute is sufficiently definite to withstand attacks of vagueness and overbreadth and to convey a sufficiently definite warning of proscribed conduct when measured by common understanding and practice, Chesebrough v. State, 255 So.2d 675 (Fla. 1971); Witherspoon v. State, supra. To make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited. Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972).
*391 We are not unmindful of the decision of the United States District Court, Southern District of Florida, in Miami Health Studios, Inc. v. The City of Miami Beach, 353 F. Supp. 593 (S.D.Fla., 1973), wherein that court determined that the lewdness provision of Section 796.07 was unconstitutionally vague and indefinite; however, decisions by United States District Courts when well-reasoned are at the most persuasive and are not controlling in matters before us. Virginia-Carolina Chemical Corporation v. Smith, 121 Fla. 720, 164 So. 717 (1935), Stonom v. Wainwright, 235 So.2d 545 (Fla.App. 1st 1970).
In addition to assigning as error the trial judge's finding that the aforecited statutes were constitutional, appellant assigned as error the court's acceptance of his plea of nolo contendere. Not only does it clearly appear from the record that this assignment of error is clearly without merit, but also we noted that appellant has failed in his brief to make any argument regarding this point. It is the long standing rule of this Court that when assignments of error are not argued in the briefs they will be deemed abandoned unless jurisdictional or fundamental error appears in the record. Rule 3.7, subd. i, Florida Appellate Rules, 32 F.S.A., see Redditt v. State of Florida, 84 So.2d 317 (Fla. 1955). The record before us supports a finding that the plea was voluntarily and knowingly made and that the trial court properly accepted the plea as such.
Accordingly, we hold Section 828.21, 800.02 and 796.07, Florida Statutes, F.S.A., to be constitutional and affirm the judgment of the trial court.
It is so ordered.
CARLTON, C.J., McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents.