COWART, Judge.
A child was adjudicated to be "a child in need of services” because “habitually *336 truant from school” as defined in section 39.01(8), Florida Statutes. Thereafter, an Order for Detention on Shelter Hearing was entered finding probable cause to believe that the child was delinquent and ordering the child placed at the Osceola Children’s [sic] Home “until accepted in Job Corps,” it being noted that the child was awaiting final disposition of the case.
In this case the parents of the child appeal the following sentence which was inserted in the Order of Detention on Shelter Hearing:
Parents are ordered to pay $30.00 per day to HRS as support and maintenance for said child instanter.
The parents were not parties to the juvenile proceedings, there are no pleadings or other allegations giving them due process notice and an opportunity to defend any claim against them by HRS relating to the support and maintenance of the child and the record fails to show any evidence at the hearing relating to the child’s needs and parents’ means.
The parents were not accorded due process and the language in the order is hereby stricken. Our holding should not be read to imply that under the circumstances of this case, the parents are, or are not, legally responsible for payment for the support of their child under section 39.-11(2), Florida Statutes,[1] section 402.33(2), Florida Statutes; or some other statute or authority. See also State v. In the Interest of S.M.G., 313 So.2d 761 (Fla.1975); Dupes v. HRS, 536 So.2d 311 (Fla. 1st DCA 1988).
As modified by striking the language quoted above, the order appealed is hereby
AFFIRMED.
GOSHORN, C.J., and PETERSON, J., concur.

. The child in this case has not been adjudicated by the court to have committed a delinquent act.