659 So.2d 235 (1995)
Scott Paul BOUTERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 83558.
Supreme Court of Florida.
April 27, 1995.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., Miami, and Parker D. Thomson and Carol A. Licko, Sp. Asst. Attys. Gen., Miami, for respondent.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Asst. Public Defender, Eleventh Judicial Circuit, Miami, amicus curiae for The Florida Public Defender Ass'n, Inc.
SHAW, Justice.
We have for review Bouters v. State, 634 So.2d 246 (Fla. 5th DCA 1994), wherein the district court expressly declared a state statute valid. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the district court decision.

*236 I. FACTS
The investigating officer entered the following facts in the complaint:
On 9/18/92 contact was made with the victim, Mrs. Akers, who states the following. Mrs. Akers stated her ex-boyfriend, defendant, has been terrorizing her. Mrs. Akers states defendant has been calling her house 5 or 6 times a day causing emotional distress. Mrs. Akers states these phone calls serve no legitimate purpose. Mrs. Akers also states in the past defendant has physically beaten her, and has threatened to kill her. Mrs. Akers states the last time defendant beat her was approximately three weeks ago. Mrs. Akers states she legitimately fears for her safety as well as for her life.
Mrs. Akers has a domestic violence injunction against defendant good until 3/18/93.
Mrs. Akers stated on today's date defendant entered her home without her permission, but left when he realized she was on the phone with [the sheriff's office].
Mrs. Akers stated she believes defendant would have physically hit her again today if she was not on the phone with [the sheriff's office].
Mrs. Akers stated defendant was arrested in January 1992, and again in March 1992, for battery (domestic violence).
Mrs. Akers stated she will testify and wants to prosecute.
Mrs. Akers states she is in fear of defendant and believes when he is released he will become violent with her.
Bouters was charged with aggravated stalking, a third-degree felony, in violation of section 784.048(4), Florida Statutes (Supp. 1992). He unsuccessfully moved to dismiss the charge, claiming that the statute is unconstitutionally overbroad and vague, and then pled nolo contendere. The district court, in a brief opinion, ruled the statute constitutional, and Bouters now asks this Court to quash the district court's opinion.

II. THE APPLICABLE LAW
Florida's stalking statute, section 784.048, reads as follows:
784.048 Stalking; definitions; penalties. 
(1) As used in this section:
(a) "Harasses" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
(b) "Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of "course of conduct." Such constitutionally protected activity includes picketing or other organized protests.
(c) "Credible threat" means a threat made with the intent to cause the person who is the target of the threat to reasonably fear for his or her safety. The threat must be against the life of, or a threat to cause bodily injury to, a person.
(2) Any person who willfully, maliciously, and repeatedly follows or harasses another person commits the offense of stalking, a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(3) Any person who willfully, maliciously, and repeatedly follows or harasses another person, and makes a credible threat with the intent to place that person in reasonable fear of death or bodily injury, commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(4) Any person who, after an injunction for protection against repeat violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other courtimposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

*237 (5) Any law enforcement officer may arrest, without a warrant, any person he or she has probable cause to believe has violated the provisions of this section.
§ 784.048, Fla. Stat. (Supp. 1992). Bouters claims that this statute is both overbroad and vague.
The procedure for analyzing such a challenge to the facial validity of a statute is set forth by the United States Supreme Court in Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982):
In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.
Id., 455 U.S. at 494-95, 102 S.Ct. at 1191.

A. Overbreadth

We first examine whether the statute infringes on Bouters' First Amendment rights or is overbroad because it inhibits the First Amendment rights of other parties. Bouters insists that the statute is overbroad because an arrest might ensue in almost any emotionally charged activity regardless of its constitutional sanctity if (a) the complainant and the police officer could agree that the activity was serving no legitimate purpose, and (b) the person who called the police exhibited substantial emotional distress. Political protest and investigative reporting, Bouters argues, could fall within the purview of the law. We disagree.
Stalking, whether by word or deed, falls outside the First Amendment's purview. The statute proscribes a particular type of criminal conduct defined at length in the statute. The conduct must be willful, malicious, and repeated, and form "a course of conduct" which would "cause [] substantial emotional distress" in a reasonable person in the same position as the victim (as explained below). See § 784.048, Fla. Stat. (Supp. 1992). The conduct must "serve [] no legitimate purpose." Id. Furthermore, the statute expressly provides that "[c]onstitutionally protected activity is not included within the meaning of `course of conduct.' Such constitutionally protected activity includes picketing or other organized protests." Id. Finally, to constitute aggravated stalking, the perpetrator must make a credible threat "with the intent to place [the victim] in reasonable fear of death or bodily injury." Id.
The conduct described at length in the stalking statute is clearly criminal and is unprotected by the First Amendment. "While the First Amendment confers on each citizen a powerful right to express oneself, it gives the [citizen] no boon to jeopardize the health, safety, and rights of others." Operation Rescue v. Women's Health Center, Inc., 626 So.2d 664, 675 (Fla. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 923, 127 L.Ed.2d 216 (1994), aff'd in part sub nom. Madsen v. Women's Health Center, Inc., ___ U.S. ___, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994), on remand, 644 So.2d 86 (Fla. 1994).
The record shows that Bouters harassed the victim, his ex-girlfriend, by repeatedly calling her on the telephone and threatening to harm her. He battered her and threatened to kill her. He then violated a domestic violence injunction by entering her home uninvited and left only when the sheriff's office was called. None of Bouters' acts qualify for First Amendment protection. His conduct was criminal and to the extent speech and other expressive activity was involved, "[w]hen protected speech translates into criminal conduct, even the Free Speech Clause balks." State v. Stalder, 630 So.2d 1072, 1077 (Fla. 1994).

B. Vagueness

"A law that does not reach constitutionally protected conduct and therefore satisfies the overbreadth test may nevertheless be challenged on its face as unduly vague, in violation of due process. To succeed, however, *238 the complainant must demonstrate that the law is impermissibly vague in all of its applications." Village of Hoffman Estates, 455 U.S. at 497, 102 S.Ct. at 1193.
The United States Supreme Court has explained the doctrine of "vagueness":
It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of those freedoms." Uncertain meanings inevitably lead citizens to "`steer far wider of the unlawful ones' .. . than if the boundaries of the forbidden areas were clearly marked."
Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222 (1972) (footnotes omitted). In other words, a government restriction is vague if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).
In the present case, Bouters claims that the statutory definition of "harasses" is impermissibly vague. Under the statute, "[h]arasses" means "to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." § 784.048, Fla. Stat. (Supp. 1992). Bouters contends that this creates a subjective standard for "substantial emotional distress," and that an unduly sensitive victim may suffer such distress from entirely innocent contact.
The court in Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994), correctly addressed this issue:
In our view the statute creates no such subjective standard, but in fact creates a "reasonable person" standard. The stalking statute bears a family resemblance to the assault statutes. Under the assault statutes, it is settled that a "well-founded fear" is measured by a reasonable person standard, not a subjective standard. Indeed, "where the circumstances were such as to ordinarily induce fear in the mind of a reasonable man, then the victim may be found to be in fear, and actual fear need not be strictly and precisely shown." The same principle applies to the definition of "harasses" under the stalking statute; the legislature has proscribed willful, malicious, and repeated acts of harassment which are directed at a specific person, which serve no legitimate purpose, and which would cause substantial emotional distress in a reasonable person.
Id. at 1361 (citations omitted). We agree with this analysis and find that the statute is not impermissibly vague.[1]

III. CONCLUSION
Based on the foregoing, we conclude that the Florida stalking statute is neither unconstitutionally overbroad nor vague. We approve the district court decision in Bouters.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., concurs specially with an opinion.
KOGAN, Justice, specially concurring.
Bouter's brief may be fairly characterized as resting in part on an assertion of rights under the Florida Constitution, primarily because *239 of his extensive reliance on the statelaw holding of Perkins v. State, 576 So.2d 1310 (Fla. 1991). Accordingly, I would analyze this case entirely under the Florida Constitution in keeping with the doctrine of primacy announced in Traylor v. State, 596 So.2d 957 (Fla. 1992). I also write separately to stress that the only statute at issue in this case is subsection 784.048(3), Florida Statutes (Supp. 1992), dealing with aggravated stalking. The validity of subsections 784.048(2) and (4), Florida Statutes (Supp. 1992), involve distinct questions of law not at issue in this case.[2]
On the merits, I am in general agreement with the majority and with Judge Cope's analysis in Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994). Aggravated stalking is in the nature of an aggravated form of assault, and it is arguable that the latter is even a necessarily lesser included offense of the former.[3] That being the case, overbreadth is not a tenable argument for invalidity, and vagueness is arguable only if the refinements added by subsection 784.048(3) are themselves vague. Because I cannot conclude that they are, I concur with the majority. I also reiterate my comments in the companion case, Gilbert v. State, 659 So.2d 233 (Fla. 1995) (Kogan, J., specially concurring).
NOTES
[1] The remainder of Bouters' vagueness claims are without merit.
[2] They are at issue in some of the companion cases.
[3] We obviously are not addressing that issue in this case.