BLUE, Judge.
Michael Anthony Lemar argues, and the State concedes, that the written sentence does not conform to the trial court’s oral pronouncement. Lemar entered a plea to, among other crimes, aggravated assault with a weapon, not with a firearm. Accordingly, we reverse the three-year minimum mandatory term that was not orally pronounced at sentencing. See Kendrick v. State, 591 So.2d 671 (Fla. 2d DCA 1991). On remand, the trial court shall strike the minimum mandatory term and shall correct the judgment to reflect a conviction for aggravated assault with a weapon, not with a firearm.
Lemar also argues that he should be allowed to withdraw his plea because the trial court failed to advise him of the consequences of habitualization, as required by Ashley v. State, 614 So.2d 486 (Fla.1993). In State v. Thompson, 735 So.2d 482 (Fla.1999), the supreme court held that this type of Ashley violation “involves a fact-based determination regarding the voluntariness of the plea and must be raised in the trial court, either in a timely motion to withdraw the plea or in a motion for postconviction relief.” 735 So.2d at 486. Accordingly, we affirm Lemar’s convictions without prejudice to Lemar raising this claim by a timely filed motion for postconviction relief.
Affirmed in part, reversed in part, and remanded with directions.
PATTERSON, C.J., and GREEN, J., Concur.