751 So.2d 603 (1999)
STATE of Florida, Appellant,
v.
Gwendolyn FUCHS, Appellee.
No. 98-2508.
District Court of Appeal of Florida, Fifth District.
October 8, 1999.
*604 Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for appellee.
GRIFFIN, J.
The State of Florida seeks review of an order granting Gwendolyn Fuchs' motion to dismiss the information charging her with three misdemeanor violations of section 827.03, Florida Statutes (1997). The trial court declared the statute unconstitutionally vague and certified the constitutional issue as a question of great public importance. We have jurisdiction.[1]
The facts out of which the constitutional issue arose are as follows. On April 7, 1998 at approximately 8:55 p.m., Osceola County police officer Thomas Forehand received an anonymous phone call from a concerned neighbor regarding an eleven year-old boy being left home alone with his four and five year-old sisters.
Forehand went to the location and spoke with the eleven year-old boy, Joshua Fuchs, who stated that his mother, Gwendolyn Fuchs, had gone to pick up her boyfriend and would be back soon. She did not leave a telephone number and there was no telephone in the house. Officer Forehand called Joshua's grandfather who stated he would come over if his daughter did not return. Forehand also spoke with the anonymous neighbor who told Forehand that Fuchs often came home after 2:00 a.m. The neighbor agreed to watch the children until Fuchs returned.
Officer Forehand returned to the home at 11:00 p.m. and Fuchs was still not home. Joshua informed him that his grandfather was on his way over. Mr. Fuchs then arrived and the children were left in his custody. Officer Forehand, however, responded to the residence at 4:20 a.m. after receiving a complaint that Mr. Fuchs had left and the children were alone. Forehand spoke with Joshua who stated that his mother's boyfriend, Thomas Greene, was asleep in the house. Greene told Forehand that he and Fuchs were at a bar, Calico Jacks, in Kissimmee where Fuchs was arrested on another charge. Greene returned to the house to watch the children.
Based on these facts, Fuchs was arrested for child abuse pursuant to section 827.03, Florida Statutes. The arresting officer stated: "It is conceivable that in the extended period of time the children were alone without adult supervision that something could have happened to the children." The State, however, charged Fuchs with three misdemeanor counts of contributing to the delinquency or dependency of a minor in violation of section 827.04(1)(a), Florida Statutes. The information alleged that Fuchs committed "an act which caused, tended to cause, encouraged or contributed to ... a child under 18 years of age, becoming a delinquent or dependent child or a child in need of services by leaving [the child] home alone without supervision."
Fuchs filed a motion to dismiss the information on the ground that section 827.04(1)(a), Florida Statutes (Supp.1996), *605 was unconstitutionally vague in that the prohibited conduct or standard of conduct of an accused is not defined. Principally, Fuchs complained that the terms "delinquent," "dependent child," and "child in need of services" were not defined in the statute.
The county court granted the defendant's motion finding that prior case law construing predecessor statutes had relied on the phrase "under the laws of Florida"[2] in finding the statute constitutional, but the reference to the "laws of Florida" was deleted in 1996. The lower court concluded that the statute was impermissibly vague since the terms "delinquent or dependent" or "child in need of services" lacked ordinary meaning:
In the instant case, the Defendant points to the fact that Section 827.04(1)(a) fails to define the terms "delinquent or dependent child" and "child in need of services." Notably, prior to its amendment, the statute defined the terms "delinquent" and "dependent" child by cross reference in the statute provided "[i]n all cases where any child shall be a dependent or delinquent child, as defined under the laws of Florida," ... and the Court applied the statutory definition of the term "delinquent child" as found in Chapter 39 of Florida Statutes.
The State's position is that well established principles of construing statutes require the Court to look to earlier enactments to determine the intent and meaning of the words ... Thus, this Court, in order to determine the meaning of the terms "delinquent or dependent child" and "child in need of services," would first look to Section 827.04(1)(a) prior to its amendment to know that those terms are to be defined as they are in Chapter 984 and 985 (formerly Chapter 39). Additionally, the Court could look to the common usage of the terms to determine their meanings. The Defendant argues that the Legislature has had ample time to amend the current revision of the statute to add the language "as defined under the laws of the state" to provide for a definition of the terms in the statute itself.
Moreover, the terms "delinquent" or "dependent" child or "child in need of services" are terms of art which are not common enough to be understood by persons as to provide a reasonable warning of the behavior proscribed by Section 827.[4](1)(a), Florida Statutes (Supp. 1996).
The terms "delinquent" or "dependent child" or "child in need of services" are terms of art which are not common enough to be understood by persons so as to provide a reasonable warning of the behavior prescribed by Section 827.04, Florida Statutes (Supp.1996). For example, arguabl[y] "delinquent" has a common understanding to mean something is late or tardy, "dependent child" has a common understanding of something to do with claiming an exemption on a U.S. Income Tax Return or with determining the amount of federal income tax withheld or applying for public assistance, and "child in need of services" can range from special programs in the public school system to the unknown.
The court then certified the following question as one of great public importance:
WHETHER FLORIDA STATUTE 827.04(1)(a) IS UNCONSTITUTIONALLY VAGUE IN THAT THE PROHIBITED CONDUCT, OMISSIONS AND OR STANDARD OF CONDUCT OF AN ACCUSED IS NOT DEFINED AND THE STATUTE FAILS TO DEFINE THE TERMS "DELINQUENT," OR "DEPENDENT CHILD" OR "CHILD IN NEED OF SERVICES."
We answer the certified question in the affirmative and approve the decision below.
*606 Section 827.04(1)(a), Florida Statutes (1997), "Contributing to the Delinquency or Dependency of a Child" provides:
(1) Any person who:
(a) Commits any act which causes, tends to cause, encourages, or contributes to a child becoming a delinquent or dependent child or a child in need of services;
* * * * * *
commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
The trial court found that the statute failed to delineate to a person of ordinary intelligence the criminal conduct prohibited by the statute because the terms "delinquent or dependent child" and "child in need of services" were not defined. These terms are, however, described to greater or lesser degree in chapters 39, 984 and 985 of the Florida Statutes. For example, section 985.03(9), Florida Statutes (1997), defines a "child who has been found to have committed a delinquent act":
(9) "Child who has been found to have committed a delinquent act" means a child who, pursuant to the provisions of this chapter, is found by a court to have committed a violation of law or to be in direct or indirect contempt of court, except that this definition shall not include an act constituting contempt of court arising out of a dependency proceeding or a proceeding pursuant to part III of this chapter.
Section 984.03(11) similarly provides:
(11) "Child who has been found to have committed a delinquent act" means a child who, pursuant to the provisions of chapter 985, is found by a court to have committed a violation of law or to be in direct or indirect contempt of court, except that this definition shall not include an act constituting contempt of court arising out of a dependency proceeding or a proceeding pursuant to this chapter.[3]
*607 There is little doubt that these terms in section 827.04(1) are intended to be understood as terms of art as described in Chapters 39, 984 and 985 and not in the ordinary way these words are sometimes used. The problem is that a penal statute either must define any terms that do not have an ordinary meaning or, at least, must specify a source to find a definition for these terms so that ordinary persons are not left to guess at the statute's meaning or differ as to its application. Bouters v. State, 659 So.2d 235, 238 (Fla.), quoting Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926), cert. denied, 516 U.S. 894, 116 S.Ct. 245, 133 L.Ed.2d 171 (1995). As referenced by the trial court, the ordinary meaning of "delinquent" and "dependent" when used to modify "child" can give different and broader meanings than what is contained in Chapters 39, 984 and 985. Similarly, the phrase "child in need of services" is almost meaningless without reference to these statutes. Yet, there is no allusion to a statutory source for the meaning of these terms in section 827.04(1).
The trial court noted that, prior to its amendment in 1996, section 827.04(1)(a) used to include the phrase "under the laws of Florida." The previous statute, section 827.04(3), Florida Statutes (1995), provided:
(3) Any person who commits any act which thereby causes or tends to cause or encourage any person under the age of 18 years to become a delinquent or dependent child or a child in need of services, as defined under the laws of Florida, or which contributes thereto, or any person who shall, by act, threats, commands, or persuasion, induce or endeavor to induce any person under the age of 18 years to do or to perform any act, to follow any course of conduct, or so to live, as would cause or tend to cause such person under the age of 18 years to become or to remain a dependent or delinquent child or a child in need of services, as defined under the laws of this state, is guilty of a misdemeanor *608 of the first degree, punishable as provided in s. 775.082 or s. 775.083. It shall not be necessary for any court exercising juvenile jurisdiction to make an adjudication that any child is delinquent or dependent or a child in need of services in order to prosecute a parent or any other person under this section. An adjudication that a child is delinquent or dependent or a child in need of services shall not preclude a subsequent prosecution of a parent or any other person who contributes to the delinquency or dependency of the child.
(Emphasis added.)
This version of the statute, and its predecessors, have survived constitutional scrutiny for vagueness on several occasions because the inclusion of this phrase. In State v. Barone, 124 So.2d 490 (Fla. 1960), for example, the court said:
Section 828.21, Florida Statutes, F.S.A., under which each of the first three counts of the information charged the appellees with contributing to the delinquency of an unmarried female person under the age of seventeen years, provides that the meaning of `delinquent child' shall be defined under the laws of Florida. While no specific mention is made of it in section 828.19 or 828.21, Florida Statutes, F.S.A., there is but one place in the statutes of this State where the words `delinquent child' are delimited. That is to be found in section 39.01, Florida Statutes ...
Id. at 492 (emphasis added).
The trial court held Section 828.19, Florida Statutes, F.S.A. unconstitutionally vague and indefinite. The fourth count of the information charged the appellees with contributing to the delinquency of an unmarried female person under the age of seventeen years contrary to this section in which `delinquent child' is not defined but reference is made to `as defined under the laws of Florida'.
See also State v. Lindsay, 284 So.2d 377, 380 (Fla.1973).
We do not decide whether the phrase, "under the laws of Florida," would be specific enough to save these statutes now that there are so many disparate references to these terms throughout the Florida Statutes, especially where the terms used, i.e. "delinquent" and "child who has been found to have committed a delinquent act" are not symmetrical. It is clear, however, as the lower court ruled, that the omission in the statute of any reference to "the laws of Florida" as the source for definition of the critical phrases, "delinquent"; "dependent" or "child in need of services" is fatal to the constitutionally of the statute. Although the statute does not have to be completely self-contained so that terms of art such as "dependent," "delinquent" or "child in need of services" are defined each time they are used in the penal statutes, there must be some ascertainable source to determine the meaning of those words.
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] See § 26.012(1), Fla.Stat. (1997).
[2] State v. Shamrani, 370 So.2d 1 (Fla.1979); State v. Barone, 124 So.2d 490 (Fla.1960).
[3] Sections 39.01(11) and 984.03(12), Florida Statutes (1997) refer to the term "dependent" child. Section 39.01(11) provides:

(11) "Child who is found to be dependent" means a child who, pursuant to this chapter, is found by the court:
(a) To have been abandoned, abused, or neglected by the child's parents or other custodians.
(b) To have been surrendered to the Department of Children and Family Services, the former Department of Health and Rehabilitative Services, or a licensed child-placing agency for purpose of adoption.
(c) To have been voluntarily placed with a licensed child-caring agency, a licensed child-placing agency, an adult relative, the Department of Children and Family Services, or the former Department of Health and Rehabilitative Services, after which placement, under the requirements of part II of this chapter, a case plan has expired and the parent or parents have failed to substantially comply with the requirements of the plan.
(d) To have been voluntarily placed with a licensed child-placing agency for the purposes of subsequent adoption and a natural parent or parents have signed a consent pursuant to the Florida Rules of Juvenile Procedure.
(e) To have no parent, legal custodian, or responsible adult relative to provide supervision and care.
(f) To be at substantial risk of imminent abuse or neglect by the parent or parents or custodian.
Section 984.03(12) is almost identical and reads:
(12) "Child who is found to be dependent" or "dependent child" means a child who, pursuant to this chapter, is found by the court:
(a) To have been abandoned, abused, or neglected by the child's parents or other custodians.
(b) To have been surrendered to the former Department of Health and Rehabilitative Services, the Department of Children and Family Services, or a licensed child-placing agency for purpose of adoption.
(c) To have been voluntarily placed with a licensed child-caring agency, a licensed child-placing agency, an adult relative, the former Department of Health and Rehabilitative Services, or the Department of Children and Family Services, after which placement, under the requirements of this chapter, a case plan has expired and the parent or parents have failed to substantially comply with the requirements of the plan.
(d) To have been voluntarily placed with a licensed child-placing agency for the purposes of subsequent adoption and a natural parent or parents have signed a consent pursuant to the Florida Rules of Juvenile Procedure.
(e) To have no parent, legal custodian, or responsible adult relative to provide supervision and care.
(f) To be at substantial risk of imminent abuse or neglect by the parent or parents or custodian.
Sections 984.03(9) and 985.03(8), Florida Statutes (1997) define the term "child in need of services." Both sections identically provide:
"Child in need of services" means a child for whom there is no pending investigation into an allegation or suspicion of abuse, neglect, or abandonment; no pending referral alleging the child is delinquent; or no current supervision by the Department of Juvenile Justice or the Department of Children and Family Services for an adjudication of dependency or delinquency. The child must also, pursuant to this chapter, be found by the court:
(a) To have persistently run away from the child's parents or legal custodians despite reasonable efforts of the child, the parents or legal custodians, and appropriate agencies to remedy the conditions contributing to the behavior. Reasonable efforts shall include voluntary participation by the child's parents or legal custodians and the child in family mediation, services, and treatment offered by the Department of Juvenile Justice or the Department of Children and Family Services;
(b) To be habitually truant from school, while subject to compulsory school attendance, despite reasonable efforts to remedy the situation pursuant to ss. 232.17 and 232.19 and through voluntary participation by the child's parents or legal custodians and by the child in family mediation, services, and treatment offered by the Department of Juvenile Justice or the Department of Children and Family Services; or
(c) To have persistently disobeyed the reasonable and lawful demands of the child's parents or legal custodians, and to be beyond their control despite efforts by the child's parents or legal custodians and appropriate agencies to remedy the conditions contributing to the behavior. Reasonable efforts may include such things as good faith participation in family or individual counseling.