769 So.2d 1006 (2000)
STATE of Florida, Appellant,
v.
Gwendolyn FUCHS, Appellee.
No. SC96766.
Supreme Court of Florida.
September 14, 2000.
*1007 Robert A. Butterworth, Attorney General, and Kellie A. Nielan and Mary G. Jolley, Assistant Attorneys General, Daytona Beach, Florida, for Appellant.
James B. Gibson, Public Defender, and Noel A. Pelella and Barbara C. Davis, Assistant Public Defenders, Seventh Judicial Circuit, Daytona Beach, Florida, for Appellee.
LEWIS, J.
We have on appeal State v. Fuchs, 751 So.2d 603 (Fla. 5th DCA 1999), declaring section 827.04(1)(a), Florida Statutes (1997), unconstitutionally vague. We have jurisdiction. See Art. V, § 3(b)(1), Fla. Const. For the reasons outlined below, we reverse the district court's decision and hold that section 827.04(1)(a) is not unconstitutionally vague.

FACTS
On April 7, 1998, at approximately 8:55 p.m., Osceola County police officer Thomas Forehand received an anonymous phone call from a concerned neighbor regarding an eleven-year-old boy, who had been left alone with his four- and five-year-old sisters. Forehand proceeded to the reported location and spoke with the eleven-year-old boy, who stated that his mother, Gwendolyn Fuchs, left the home to pick up her boyfriend and would return soon. Ms. Fuchs did not leave a telephone number where she could be reached, nor was there a telephone in the house. Officer Forehand called the children's grandfather who advised the officer that he would come to the home if his daughter did not return. Forehand also spoke with the anonymous neighbor who told Forehand that Ms. Fuchs often came home after 2 a.m. The neighbor agreed to watch the children until Ms. Fuchs returned.
At 11 p.m. that same night, when Officer Forehand returned to the residence, Ms. Fuchs had not returned to the home. The boy with whom he had spoken earlier informed *1008 the officer that his grandfather was en route to the home. Once the grandfather arrived, the children were left in his custody. However, officer Forehand returned to the residence at 4:20 a.m. after receiving a complaint that the grandfather had left and the children were, once again, alone. At that time, the boy told Officer Forehand that his mother's boyfriend, Thomas Greene, was in the house. Greene told Officer Forehand that he and Ms. Fuchs had been at Calico Jack's, a local bar in the Kissimmee area, and he also informed the officer that Ms. Fuchs had been arrested on an unrelated charge. Greene had come to the house to watch the children.
Based on these facts, Ms. Fuchs was later arrested and charged with three misdemeanor counts of contributing to the delinquency or dependency of a child in violation of section 827.04(1)(a), Florida Statutes (1997). Specifically, the information alleged that Fuchs committed "an act which caused, tended to cause, encouraged or contributed to ... a child under 18 years of age, becoming a delinquent or dependent child or a child in need of services by leaving [the children] home alone without supervision."
Fuchs filed a motion to dismiss the information, arguing that section 827.04(1)(a) was unconstitutionally vague in that the prohibited conduct or standard of conduct was not defined. More specifically, Fuchs complained that the statute did not define the terms "delinquent child," "dependent child," and "child in need of services." The trial court granted Fuchs' motion to dismiss, and certified the following question to the Fifth District Court of Appeal as one of great public importance:
Whether Florida Statute 827.04(1)(a) is unconstitutionally vague in that the prohibited conduct, omissions and or standard of conduct of an accused is not defined and the statute fails to define the terms "delinquent," "dependent child," or "child in need of services."
Fuchs, 751 So.2d at 605. The Fifth District answered the certified question in the affirmative, thereby finding section 827.04(1)(a) unconstitutional. See id. at 608. The State appeals.

ANALYSIS
It is well established that, where reasonably possible, a statute will be interpreted in a manner that resolves all doubts in favor of its constitutionality. See, e.g., State v. Mitro, 700 So.2d 643, 645 (Fla. 1997); State v. Stalder, 630 So.2d 1072, 1076 (Fla.1994); State v. Elder, 382 So.2d 687, 690 (Fla.1980). It is also well recognized that to withstand a vagueness challenge, a statute must give persons of ordinary intelligence adequate notice of the proscribed conduct. See, e.g., L.B. v. State, 700 So.2d 370, 371 (Fla.1997); Mitro, 700 So.2d at 645; Bouters v. State, 659 So.2d 235 (Fla.1995).
Prior to 1996, section 827.04, Florida Statutes (1995), read in relevant part:
(3) Any person who commits any act which thereby causes or tends to cause or encourage any person under the age of 18 years to become a delinquent or dependent child or a child in need of services, as defined under the laws of Florida ... is guilty of a misdemeanor of the first degree....
(Emphasis supplied.) It is important to note that the predecessors to this section, which have contained essentially identical language, have repeatedly withstood challenges of invalidity based upon vagueness. See Purvis v. State, 377 So.2d 674, 675 (Fla.1979)(§ 827.04(3), Fla. Stat. (1977)); State v. Shamrani, 370 So.2d 1, 2 (Fla. 1979)(§ 827.04(3), Fla. Stat. (1977)); Bell v. State, 289 So.2d 388, 389 (Fla. 1973)(§ 828.21, Fla.Stat.(1971)); State v. Lindsay, 284 So.2d 377, 379-381 (Fla. 1973)(§ 828.19, Fla.Stat.(1971)); State v. Barone, 124 So.2d 490, 492-493 (Fla. 1960)(§ 828.21, Fla.Stat.(1959)). Specifically, in Lindsay, we held:
The statute presently in question before this Court provides persons with *1009 notice of the prohibited acts and is not so broad that it would lead to arbitrary and erratic arrests and convictions. This statute does not purport to punish conduct which by modern standards would be considered innocent.
284 So.2d at 380. In Bell, we added that the statute "conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice." 289 So.2d at 389 (citing Lindsay and Barone). Notably, however, both Lindsay and Barone mentioned the phrase "as defined under the laws of Florida" in finding the statute constitutional. See Lindsay, 284 So.2d at 378 ("The aforestated statute provides that the definition for delinquent child should be derived from the general laws of Florida."); Barone, 124 So.2d at 493 ("The fourth count of the information charged appellees with contributing to the delinquency of [a child] contrary to this section in which `delinquent child' is not defined but reference is made to `as defined under the laws of Florida.'"). But for the deletion of the phrase "as defined under the laws of Florida" in 1996,[1] and the addition of the words "or a child in need of services" in 1990,[2] the language of this statute has remained unchanged since this Court's last pronouncement on its constitutionality in 1979 in Purvis.
When reviewing the constitutionality of this statute, both the county court and the district court focused primarily on the 1996 amendment which deleted the phrase "as defined under the laws of Florida."[3] In fact, the district court held that this deletion was "fatal to the constitutionality of the statute." Fuchs, 751 So.2d at 608. Considering general principles of statutory construction, however, we find that the district court's ruling was incorrect.
First, it is well settled that the "legislature's failure to define a statutory term does not in and of itself render a penal provision unconstitutionally vague. In the absence of a statutory definition, resort may be had to case law or related statutory provisions which define the term...." State v. Hagan, 387 So.2d 943, 945 (Fla.1980), cited with approval in State v. Mitro, 700 So.2d 643, 645 (Fla. 1997); L.B. v. State, 700 So.2d 370, 372 (Fla.1997); St. Surin v. State, 745 So.2d 514, 516 (Fla. 3d DCA 1999); State v. De La Llana, 693 So.2d 1075, 1078 (Fla. 2d DCA 1997); State v. Campbell, 664 So.2d 1085, 1086 (Fla. 5th DCA 1995); Nephew v. State, 580 So.2d 305, 306 (Fla. 1st DCA 1991). In Hagan, we found that a statute which penalized "trawling operations" that utilized more than one "trawl net" within "Charlotte County" was constitutional even though the Legislature had failed to define the quoted terms. See 387 So.2d at 945-946. We reasoned that because the term "Charlotte County" could be ascertained by looking at a different statute which delineated the boundary lines of Charlotte County, and that because the terms "trawling operation" and "trawl net" could be defined by industry custom or by resort to a dictionary, the Legislature's failure to provide a definition did not render the statute unconstitutional. See id. The Hagan court added that a statute may be constitutional "even though it contains general terms and does not furnish detailed plans and specifications of the act or conduct proscribed." Id. at 946.
Second, statutes which relate to the same or closely related subjects should be read in pari materia. See State v. Ferrari, 398 So.2d 804, 807 (Fla.1981)(finding that a statute which attached criminal *1010 responsibility for embezzlement to one who misappropriated construction funds was not void for vagueness despite the fact that it failed to define when a bill became due and owing because that definition could be derived from Florida's version of the UCC); see also State v. Espinosa, 686 So.2d 1345, 1347 (Fla.1996)(reading a statute which penalized resisting a lawful arrest with violence in pari materia with statute that prohibited use of force to resist an arrest so as to eliminate the element that the arrest must be lawful when resisting a lawful arrest with violence is charged). Third, and relatedly, "[a]lthough the legislature may direct that statutes be read in pari materia, the absence of that directive does not bar such a reading." Holmes County School Board v. Duffell, 651 So.2d 1176, 1179 (Fla.1995)(allowing injured school board employee to maintain action against coworker as well as against school board by reading section which allowed a public or private employee to sue a fellow employee when each was operating in furtherance of the employer's business and when they were assigned to unrelated tasks in pari materia with section which provided that the exclusive remedy for damages inflicted by an employee of the state shall be an action against the governmental entity even though neither statute contained reference to the other); see generally American Bakeries Co. v. Haines City, 131 Fla. 790, 801, 180 So. 524, 528 (1938)("Laws should be construed with reference to the constitution and the purpose designed to be accomplished, and in connection with other laws in pari materia, though they contain no reference to each other."), cited with approval in Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981, 988 (Fla.1981).
Applying these firmly grounded, and often adhered to, principles of statutory construction, we must conclude that the deletion of the phrase "as defined under the laws of Florida" does not render section 827.04(1) constitutionally infirm. The terms at issue are defined in chapter 39 (Proceedings Relating to Children); chapter 984 (Children and Families in Need of Services); and chapter 985 (Delinquency; Interstate Compact on Juveniles) of the Florida Statutes. Specifically, a "child who has been found to have committed a delinquent act" is defined in sections 984.03(11) and 985.03(9), Florida Statutes (1997); a "child who is found to be dependent" is defined in sections 39.01(11) and 984.03(12), Florida Statutes (1997); and a "child in need of services" is defined in sections 984.03(9) and 985.03(8), Florida Statutes (1997). Moreover, Florida jurisprudence is replete with cases which define, by reference to chapter 39,[4] the terms "delinquent," "dependent," and "child in need of services." See, e.g., Department of Health and Rehabilitative Services v. M.B., 701 So.2d 1155, 1157 n. 3 (Fla.1997)(defining delinquent child); F.A.T. v. State, 690 So.2d 1347, 1350 (Fla. 1st DCA 1997)(same); Wolf v. Department of Health and Rehabilitative Services, 588 So.2d 335 (Fla. 5th DCA 1991)(defining child in need of services); In re J.P., 586 So.2d 485, 486 (Fla. 1st DCA 1991)(defining child in need of services); J.V. v. State, 516 So.2d 1133, 1134 (Fla. 1st DCA 1987)(defining dependent child). The fact that these chapters have identical underlying purposes (i.e., the general protection of children and corresponding parental, custodial and guardian responsibilities), lends further support to the conclusion that these provisions are to be read in proper relationship to one other. See §§ 39.002, 984.02, 985.02, Fla. Stat. (1997).
In addition, subsection (2) of section 827.04 also supports a finding that the terms at issue here are to be defined by *1011 chapters 39, 984 and 985. Section 827.04(2) states that:
It is not necessary for any court exercising juvenile jurisdiction to make an adjudication that any child is delinquent or dependent or a child in need of services in order to prosecute a violation of this section. An adjudication that a child is delinquent or dependent or a child in need of services shall not preclude a subsequent prosecution of a violation of this section.
There is only one place within Florida's legislative scheme where a child may be adjudicated delinquent (chapter 985), or dependent (chapter 39), or in need of services (chapter 984). It is therefore apparent that although the phrase "as defined under the laws of Florida" was deleted from the challenged statutory provision, the Legislature clearly intended that the terms be defined by chapters 39, 984 and 985.
Indeed, the district court noted that "[t]here is little doubt that these terms in section 827.04(1) are intended to be understood as terms of art as described in Chapters 39, 984 and 985 and not in the ordinary way these words are sometimes used." Fuchs, 751 So.2d at 607. Notwithstanding, the Fifth District determined:
The problem is that a penal statute either must define any terms that do not have an ordinary meaning or, at least, must specify a source to find a definition for these terms so that ordinary persons are not left to guess at the statute's meaning or differ as to its application. Bouters v. State 659 So.2d 235, 238 (Fla.), quoting Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926), cert. denied, 516 U.S. 894, 116 S.Ct. 245, 133 L.Ed.2d 171 (1995).
Id. The district court's reliance on Bouters is misplaced. Bouters simply notes that a "restriction is vague if it `either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" 659 So.2d at 238. Clearly, then, Bouters does little more than state the standard for vagueness. Bouters does not require that a penal statute specifically define each term that does not have an ordinary meaning, nor does it require that the statute identify a specific source wherein that definition may be found. In fact, as noted above, we have consistently held that failure to define terms in a penal statute does not automatically render that statute void for vagueness, see, e.g., Hagan, 387 So.2d at 943; and that statutes may be read together without there being a specific reference or directive within the language of either statute, see. e.g., Holmes, 651 So.2d at 1179. We do not read either Bouters or Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926), to require satisfaction of that which the lower courts have mandated in this case.

CONCLUSION
In sum, the preamble to chapter 96-322, the law that deleted the phrase "as defined under the laws of Florida" from section 827.04(1)(a), indicates that the purpose of the amendment was to "[clarify] the offense of contributing to the delinquency or dependency of a child." Ch. 96-322 at 1762, Laws of Fla. (emphasis supplied). The legislative intent, while seemingly well-intentioned, appears to have produced at least some question. Nevertheless, while section 827.04(1)(a) may not be "a paradigm of legislative drafting," L.B., 700 So.2d at 371 (citing State v. Manfredonia, 649 So.2d 1388, 1390 (Fla.1995)), well settled principles of statutory construction adequately respond to the alleged vagueness challenge. Accordingly, we hold that section 827.04(1)(a) is not unconstitutionally vague.
The decision of the district court of appeal is reversed, and this case is remanded for proceedings consistent with this opinion.
It is so ordered.
*1012 WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE and QUINCE, JJ., concur.
NOTES
[1] See Ch. 96-322, § 10, at 1774, Laws of Fla.
[2] See Ch. 90-53, § 8, at 139, Laws of Fla.
[3] This amendment also removed the subsections within section 827.04 which dealt with child abuse and incorporated them into section 827.03, currently entitled "Abuse, aggravated abuse, and neglect of a child." As a result, section 827.04 solely contained provisions relating to "Contributing to the delinquency or dependency of a child," as its title suggests.
[4] Prior to 1997, chapter 39 of the Florida Statutes included provisions pertaining to children who were delinquent, dependent, and in need of services. Effective October 1, 1997, however, chapter 39 was restructured; the provisions relating to delinquency were incorporated into chapter 985 and the provisions dealing with children and families in need of services were incorporated into chapter 984. See Ch. 97-238, Laws of Fla.